UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LARRY D LINDLEY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-10-264 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

State inmate Larry D. Lindley (TDCJ # 645587), proceeding *pro se*, filed a petition for a writ of habeas corpus on July 6, 2010, alleging an improper denial of credit for the street-time he served under mandatory supervision prior to the revocation of his parole. The respondent has answered with a motion for summary judgment. (Doc. No. 12). Lindley has not filed a response. For the reasons stated below, the Court will grant the respondent's motion for summary judgment and deny Lindley's petition for a writ of habeas corpus.

**I.   BACKGROUND**

Lindley pled guilty to aggravated robbery on March 4, 1980,[1] and was sentenced to eight (8) years imprisonment. On December 13, 1991, he was convicted of burglary of a building in the 20th Judicial District Court of Milam County, Texas, and sentenced to eighteen (18) years confinement. (See Doc. No. 12, Exhibit A). On June 29, 1992, he was convicted of burglary of a building in the 23rd District Court of Brazoria County, Texas, and received a twenty (20) year sentence to run concurrently. The Texas Board of Pardons and Parole granted Lindley parole on June 5, 1997. On December 17, 2008, Lindley was convicted of theft under $1500.00 and was

---

[1] Though not a current holding conviction, it is significant for purposes of this case.

sentenced to three (3) years confinement to run concurrently. His parole was revoked on February 13, 2009.

Lindley filed a Time Dispute Resolution form (TDR) challenging the calculation of his remaining sentence; however, TDCJ issued a response stating there was no error in the calculation of Lindley's sentence. (See Doc. No. 1, Exhibit A). Lindley filed an application for a state writ of habeas corpus raising the claims presented in this petition. The Texas Court of Criminal Appeals denied Lindley's state habeas application without written order on June 2, 2010.

Lindley filed his petition for a writ of habeas corpus by a person in state custody on July 6, 2010 (Doc. No. 1). He asserts the following grounds to support his habeas petition:

1. Denial of credit for street-time while on parole, in violation of the Ex Post Facto Clause;

2. The Texas Board of Pardons and Paroles is "acting as judge and jury" in violation of the separation of powers doctrine.

The respondent argues that Lindley is not entitled to receive credit for the time served while on parole pursuant to the guidelines for administrating sanctions against parole violators set forth under Texas Government Code § 508.283, and moves that summary judgment be granted.

## II. STANDARD OF REVIEW

Motions for summary judgment are typically governed by Rule 56 of the Federal Rules of Civil Procedure. In this instance, the respondent' summary judgment motion must be determined in compliance with the federal habeas corpus statutes. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002); *see also Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Federal habeas corpus proceedings filed after April 24, 1996, are governed by provisions of the Antiterrorism

and Effective Death Penalty Act (the "AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). The enactment of the AEDPA was intended, *inter alia*, to ensure comity, finality, and deference to state court determinations by limiting the scope of collateral review and raising the standard for federal habeas relief. *See Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003) (citations omitted).

The AEDPA provides as follows, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e) (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Pursuant to § 2254(d), habeas relief should be granted only where the state court decision is both incorrect and objectively unreasonable. *Martin v. Cain*, 246 F.3d 471, 476 (5th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000)). In a habeas proceeding fact findings made by a state court are therefore "presumed to be correct," thus overriding the traditional method of discerning genuine issues of material fact described in Rule 56. *Smith,* 311 F.3d at 668. The Court will therefore accept a state court's factual findings as true unless a habeas

petitioner rebuts the presumption of correctness by clear and convincing evidence. *Id.* The Court also liberally construes *pro se* petitions seeking habeas relief when identifying and interpreting a petitioner's challenges to imprisonment. *Haines v. Kerner*, 404 U.S. 519 (1972)(per curiam).

### III.   DISCUSSION

The central question in this case is whether Lindley is entitled to receive credit against his sentence for street-time. Under Texas law, eligibility for credit is determined by the statute in effect upon the revocation of parole. *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex.Crim.App. 2009). Prior to September 2001, forfeiture of street crime credit was an automatic consequence of parole revocation. *Ex parte Spann*, 132 S.W.3d 390, 393 (Tex.Crim.App. 2004). Texas Government Code § 508.283 governs parole revocations that occurred after September 2001. *Ex parte Noyola*, 215 S.W.3d 862, 864 (Tex.Crim.App. 2007). The parole revocation at issue in this action occurred in 2009 and is thus controlled by Texas Government Code § 508.283.

Texas Government Code § 508.149(a) includes a list of violent offenses for which parole is unavailable. If the parole, mandatory supervision, or conditional pardon of a person described by § 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation. TEX. GOV'T. CODE § 508.283(b). The incorporation of § 508.149(a) into § 508.283 invokes the version of § 508.149(a) current at the time of revocation. *Ex parte Noyola*, 215 S.W.3d at 867 (holding the legislature intended the two sections to "work in tandem when determining whether an inmate is eligible for street-time credit"). Because the revocation of Lindley's parole occurred in 2009, the

version of § 508.149(a) in effect in 2009 controls whether credit for street time must be forfeited. The statute pertaining to Lindley states, in pertinent part:

> (a) an inmate may not be released to mandatory supervision if the inmate is serving a sentence for, or has been previously convicted of:
>
> . . .
>
> (12)   a first degree felony under Section 29.03, Penal Code; Tex. Gov't.Code § 508.149(a).

Aggravated robbery is a first degree felony under Texas Penal Code § 29.03. Thus, in accordance with § 508.283(b), upon the revocation of Lindley's parole, the remaining portion of his sentence was to be "computed without credit for the time from the date of . . . release to the date of revocation." Tex. Gov't Code § 508.283(b). Lindley is not entitled to credit against his sentence for street-time.

Lindley's vague claim that a violation of the Ex Post Fact Clause occurred with regard to the denial of credit for street-time is also without merit. A violation of the Ex Post Facto Clause occurs only when the new change in the law is (1) applied retroactively, and (2) detrimental to the prisoner due to an increase in punishment or a change in the definition of the crime. *Lynce v. Mathis*, 519 U.S. 433 (1997). In Texas, parole revocations are governed by the statute in effect at the time of revocation, not conviction. *Ex parte Hernandez*, 275 S.W.3d at 897. Lindley's contention fails because he presumably, and incorrectly, assumes that the statute relevant to parole revocation is the one in effect at the time of his conviction. Section 508.283 governs parole revocations occurring after September 2001 and incorporates by reference the current version of § 508.149(a). *Ex parte Noyola*, 215 S.W.3d at 867. Lindley's revocation occurred in 2009, thus § 508.283, not the law current in 1980 at the time of his first degree felony conviction, governs his parole revocation. Lindley fails to meet the requirement of retroactivity because

revocation of his parole occurred approximately eight years after the reference to the current version of § 508.149(a) was included in the statutory scheme provided by § 508.283.

Lindley must have also suffered detriment to successfully argue a violation of the Ex Post Facto Clause. As discussed previously, prior to September 2001, credit for street-time was denied automatically upon revocation of parole. *Ex parte Spann*, 132 S.W.3d at 390. The version of § 508.283 current in 2009 provided for forfeiture of street-time credit in the event parole is revoked. Lindley would have been required to forfeit credit for all accrued street-time regardless of the prevailing statutory scheme; thus, he has suffered no detriment from the application of the current law. Lindley has satisfied neither requirement necessary to prove a violation of the Ex Post Facto Clause. This claim is without merit.

Finally, Lindley claims in one sentence that the parole board "acted as judge and jury" in giving him more prison time and, in so doing, violated the doctrine of separation of powers. (Doc. No. 1, p. 7). Lindley recites no facts to support this conclusory allegation. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Moreover, the federal separation of powers doctrine is not applicable to the states. *See Shelton v. City of College Station*, 780 F.2d 475, 481 n.2 (5th Cir. 1986). If Lindley is referring to a violation of a state constitutional right, violations of state constitutional rights provide no basis for federal habeas corpus relief. *See Rault v. Butler*, 826 F.2d 299, 302 n.1 (5th Cir. 1987). This claim is without merit.

The Texas Court of Criminal Appeals adopted the trial court's findings when it denied Lindley's state habeas application. The state court decision to deny Lindley's habeas application is reasonable because requiring Lindley to forfeit street-time credit does not amount to a

violation of the United States Constitution or federal law. Lindley is not entitled to federal habeas relief under 28 U.S.C. § 2254.

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After considering all of the pleadings, the state court records, and the applicable law, the Court concludes that none of the issues presented in this case warrant a certificate of appealability under the applicable standard. Therefore, a certificate of appealability will not issue.

## V. CONCLUSION

Based on the foregoing, the Court **ORDERS** that the respondent's motion for summary judgment is **GRANTED,** the petition for writ of habeas corpus is **DENIED,** and a certificate of appealability is **DENIED.**   All pending motions, if any, are **DENIED.**

SIGNED at Houston, Texas this 31st day of January, 2012.

_____
Kenneth M. Hoyt
United States District Judge